### FELLOWS, JOHNSON & CO. *v.* A. G. REID.

An attorney to represent an absent defendant died, after putting in an answer praying for a jury. Another was appointed; but the minutes of the court were so defectively kept, that they did not show his acceptance of the appointment, or that he was present at the trial. The case was tried without a jury. *Held:* That the record did not show that the prayer for a jury had ever been waived.

Where a judge made an appointment of a curator *ad hoc,* and afterwards recused himself from trying the cause, on account of having been of counsel in the case. *Held:* That the appointment is not valid.

APPEAL from the District Court of Caddo, *Bullard*, J. *Roysdon* and *Spofford,* for defendant. The judgment of the court was pronounced by

ROST, J. This is a suit by attachment, in which the defendant was not personally cited, and did not voluntarily appear. *R. A. Walker,* an attorney at law, was appointed by the court curator *ad hoc* to represent him, and at the ensuing term filed an answer, in which he prayed for a trial by jury. *Mr. Walker* subsequently died, and *Mr. Hodge* appears to have been appointed in his place; but owing to the imperfect manner in which the minutes of the district court are kept, there is no satisfactory evidence before us that he accepted the appointment and attended to the case. The record only shows, that the plaintiff prosecuted his claim to judgment before the court. The defendant then appeared and took the present appeal.

Had the minutes of the court been properly kept, so as to show what counsel were present on the trial of the cause, no difficulty could have occurred. As the case is before us, we are constrained to say, that the trial by jury prayed for has never been waived by the defendant, or for him; and that he could not be deprived of it without his consent. Moreover, the judge who appointed *Mr. Hodge* curator *ad hoc*, afterwards recused himself, for a legal cause existing at the time of the appointment; and we incline to the opinion, that the appointment was not valid.

It is therefore ordered, that the judgment in this case be reversed, and the case remanded to be tried before a jury; the plaintiffs and appellees paying the costs of this appeal.